UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) WITH RESPECT TO GOOGLE, LLC EMAIL ACCOUNT(S):<br>• andreygurjiy1@gmail.com<br>• andruygurzkhiy@gmail.com<br>• rayfghj991@gmail.com<br>• bestcheats121@gmail.com | Case No. 1:23-mj-351<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC, an internet service provider located in Mountain View, California ("Google"), to disclose certain non-content records and other information pertaining to the Google account(s) as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.     Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.     This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States, through the Federal Bureau of Investigations and coordinating agencies and offices, is investigating the selling of stolen data in and around the Eastern District of Tennessee. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 1030 and 18 U.S.C. § 1028. The following factual information was provided to the undersigned by FBI law enforcement personnel.

5. The investigation relates to the purchase and sale of stolen online account credentials from online retailers, banks, airlines, customer loyalty accounts, and various other entities. Investigators believe that communications relating to the offenses under investigation have been and continue to be made by unknown individuals through the Gmail accounts as outlined in Attachment A. Information linking these accounts to criminal activity was obtained through analysis of other email accounts known to be used on Russian criminal forums to conduct illegal business.

6. The conduct being investigated involves use of the Gmail account(s) described in Attachment A. To further the investigation, investigators seek to obtain the dialing, routing,

addressing, and signaling information associated with communications sent to or from the account(s).

7. Investigators believe that the records described in Attachment A are relevant and material to this ongoing investigation. Records obtained through this order will assist investigators in identifying other accounts involved in the offenses being investigated, as well as additional individual and business participants around the world, providing pertinent information that will allow investigators to obtain other court authorizations.

## REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

9. Specifically, these items will help the United States identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

10. The United States further requests that the Order require Google not to notify any person, including the subscriber or customer of the Target Account(s) listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

11. In this case, such an order would be appropriate because the Order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving the target an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b).

12. The United States further requests that the Court order that this application and Order be sealed for **a period of 180 days, up to and including May 4, 2024**, unless such period is shortened or lengthened by further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation.

Respectfully submitted on November 6, 2023.

FRANCIS M. HAMILTON, III
United States Attorney

By: *s/ Kyle J. Wilson*
Kyle J. Wilson, TN BPR# 31844
Assistant United States Attorney
1110 Market Street, Suite 515
Chattanooga, TN 37402
(423) 752-5140
Kyle.Wilson@usdoj.gov